## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**BOBBY L. BLAKE,**

      **Plaintiff,**

**v.**                                          **Case No. 3:21-cv-00167**

**JEFFREY HOOD, Circuit Clerk;**
**CARL ALDRIDGE, Superintendent;**
**FLEMING C.O., Major;**
**BETSY JIVIDEN, Commissioner of Corrections;**
**DIANN E. SKILES, Director of Inmates;**
**LORA A. DYER, Circuit Judge**
**and ELIZABETH JONES, Circuit Clerk,**

      **Defendants.**

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

On March 11, 2021, Plaintiff Bobby L. Blake, ("Blake"), proceeding *pro se,* filed a complaint against the defendants under 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is the initial screening of Blake's complaint. Having thoroughly considered the matter, the undersigned **FINDS** that (1) the complaint cannot withstand initial review; and (2) the Application to Proceed Without Prepayment of Fees and Costs should be denied as moot. Therefore, the undersigned **DENIES** Blake's Application to Proceed *in forma pauperis*, (ECF No. 1) and **RECOMMENDS**, for the following reasons, that the presiding District Judge **DISMISS**

the complaint and **REMOVE** this matter from the docket of the Court.

## I.    Relevant Facts

In March 2021, when Blake filed the instant action, he was incarcerated at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia ("WRJ"). At some point thereafter, Blake was transferred to the Martinsburg Correctional Center and Jail ("MCC") in Martinsburg, West Virginia, where he is now housed. *See* https://apps.wv.gov/ois/offendersearch/doc. Blake is currently serving a seven-year prison sentence imposed on June 16, 2020 by the Circuit Court of Mason County, West Virginia related to a revocation of his supervised release. *State v. Blake*, Case No.: CC-26-2016-FM-32 (C.C. Mason Aug. 26, 2020).[1] He is also serving a concurrent sentence of one to five years' imprisonment, which was imposed on February 3, 2021 by the Circuit Court of Wayne County, West Virginia, on a conviction of Failure by a Sex Offender to Provide Notice of Registration Changes. *State v. Blake,* Case No. CC-50-2020-F-129 (C.C. Wayne Feb. 3, 2021).

In the complaint, Blake makes the following allegations:

1.    Defendant Jeffrey Hood, Clerk of the Circuit Court of Cabell County, West Virginia, refused to docket a petition for a writ of habeas corpus submitted by Blake;

2.    Judge Lora Dyer, of the Circuit Court of Mason County, refused to credit Blake's sentence with time he spent incarcerated while awaiting his revocation hearing;

3.    Elizabeth Jones, Clerk of the Circuit Court of Mason County, docketed Judge Dyer's sentencing order, which failed to provide Blake credit for his jail time;

---

[1] The Court takes judicial notice of the filings in Blake's criminal cases. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)

4.  Diann Skiles, the Director of Inmate Records, sent Blake a time sheet of his incarceration, which did not allow Blake credit for good time;

5.  Major Fleming, a correctional officer at the WRJ, failed to provide Blake with time in the law library, even after he submitted a grievance about the situation;

6.  The WRJ's Superintendent, Mr. Aldridge, failed to address the law library problem and held Blake in custody without due process; and

7.  Commissioner Jividen discriminated against Blake and inflicted cruel and unusual punishment upon him by refusing to allow him good time credit, by withholding opportunities available to other inmates to reduce their inmate classification and obtain parole, and by not allowing Blake to serve his time in work release or work camp. (ECF No. 2 at 4-6).

For relief, Blake asks that the Court order the following: (1) Jeffrey Hood to accept the habeas petition and appoint Blake a lawyer; (2) Judge Dyer to credit Blake's sentence with his pre-conviction jail time; (3) Ms. Jones to docket an Order that credits Blake with jail time; (4) Ms. Skiles to provide Blake with a time sheet that includes good time credit; (5) Major Fleming and Superintendent Aldridge to follow proper jail procedures; (6) Commissioner Jividen to allow Blake to receive good time credit and give him the chance to go to work camp, work release, or on parole; and (7) payment of $75.00 for every day he spent in jail that Judge Dyer did not count against his sentence. (*Id.* at 6-7).

## II.   **Screening Standard**

Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from

3

such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Blake has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993),

4

or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>Discussion</u>

Blake's complaint is brought under 42 U.S.C. § 1983. Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

### A. *The Claims Asserted Against Defendants Fleming and Aldridge are Moot*

Blake asks the Court to compel Defendants Aldridge and Fleming to allow him law library time and to follow proper jail procedures. As a prerequisite to the exercise of federal jurisdiction, the complaint before the Court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case

or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir.2007).

An exception to the mootness doctrine exists for claims that are "capable of repetition, yet evading review." *Federal Election Commission v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007). However, "[j]urisdiction on the basis that a dispute is capable of repetition, yet evading review is limited to the exceptional situation in which (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Incumaa*, 507 F.3d at 289 (internal quotation marks and citations omitted). To fall within this exception, Blake must show, among other things, that there "is a reasonable expectation that [he] will be subject to the same action again." *Incumaa*, 507 F.3d at 289. Plaintiff has been transferred from the WRJ, and there

is no factual basis upon which to conclude that he will return to the WRJ and again be denied access to the law library. *See e.g. Slade v. Hampton Roads Reg'l Jail,* 407 F.3d 243, 249 (4th Cir. 2005) ("Because we presume that [the petitioner] will abide by the criminal laws of Virginia in the future, we do not believe there is a reasonable probability that he will return to the Jail. ... Accordingly, [the petitioner's] claim for injunctive relief is moot.").

As it is clear from the face of Blake's complaint that he seeks only equitable relief from Defendants Aldridge and Fleming, the undersigned **FINDS** that Plaintiff's transfer to MCC has mooted his claims against these defendants. Accordingly, the undersigned **RECOMMENDS** that Blake's complaint against Defendants Aldridge and Fleming be dismissed, with prejudice.

### B. The Relief Requested by Blake Against Circuit Clerks, Jeffrey Hood and Elizabeth Jones, and Director of Inmate Records, Diann Skiles, is not Available in this Court

Blake asks the Court to order Cabell County Circuit Clerk Jeffrey Hood to docket Blake's habeas petition and appoint Blake a lawyer. He also requests that Mason County Circuit Clerk Elizabeth Jones be compelled to docket a sentencing order that credits Blake with pre-conviction jail time. Finally, he asks that Diann Skiles, who is the Director of Inmate Records for West Virginia's Division of Corrections and Rehabilitation ("DCR"), be required to provide him with a new time sheet reflecting good time credit. These requests are properly construed as a petition for a writ of mandamus. *See Brumley v. Holder*, 2013 WL 1456314 (D.D.C. Apr. 10, 2013) (construing *pro se* petitioner's request for the court to order the Attorney General deposed as a petition for a writ of mandamus); *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275 (5th Cir. 1973) (construing *pro se* petitioner's request for the court to order the state court clerk to produce transcripts

for petitioner's use in preparation of appeals as a petition for a writ of mandamus).

A writ of mandamus is an extraordinary writ that exists for the sole purpose of aiding courts in the exercise of their appellate jurisdiction and "in such cases as are already pending and wherein jurisdiction has been obtained on other grounds and by other process." *Gurley v. Superior Court of Mecklenburg,* 411 F.2d 586, 587 (4th Cir. 1969). "The courts of the United States have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus." *Id.* Title 28 U.S.C. § 1361 provides that United States District Courts have original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In other words, a federal court may only issue a writ of mandamus against an employee or official of the United States and may only command that employee or official "to perform a mandatory or ministerial duty, rather than one that is purely discretionary." *Ocean Breeze Festival Park v. Reich,* 853 F. Supp. 906, 915 (E.D. Va. 1994), *aff'd by Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 (4th Cir. 1996). As such, this Court has no general authority to compel action by the West Virginia circuit clerks, or by the State's director of inmate records. *See, e.g., In re Payne*, 305 F. App'x. 65, 66 (4th Cir. 2008) ("This court does not have jurisdiction to grant mandamus relief against state officials, or to review state court orders.") (citing *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir.1969) *and District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983)).

Moreover, even if the Court did have jurisdiction to compel these state employees to take specific actions, Blake has not shown a clear right to the relief requested. *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (holding that a mandamus petitioner must have a "clear and indisputable right" to the relief requested). Ms. Jones

had no authority to unilaterally alter the court's order prior to docketing it, and Ms. Skiles can only provide Blake with a time sheet of his incarceration as calculated by state statute and court documents. Furthermore, circuit clerks, such as Mr. Hood, may refuse to docket a habeas petition that does not substantially comply with West Virginia's Rules Governing Post-Conviction Habeas Corpus Proceedings. *See* Rule 2(b), *Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia*. Blake provides no explanation or factual information as to why Mr. Hood refused his petition. Consequently, Blake does not carry his "heavy burden of showing that he has no other adequate means to obtain the relief he desires and that his entitlement to such relief is clear and indisputable." *In re Payne,* 305 F. App'x at 66 (citing *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980)). Therefore, the undersigned **FINDS** that Blake's claims against Defendants Hood, Jones, and Skiles are without merit, and **RECOMMENDS** that the complaint against them should be dismissed, with prejudice.

### C. *The Relief Blake Seeks Against Judge Dyer is not Available Under 42 U.S.C. § 1983*

Blake complains that Judge Dyer refused to credit jail time that Blake served while waiting for a hearing on a petition to revoke his supervised release. According to Blake, he was arrested on the petition on January 25, 2020 and remained in jail until his hearing on June 16, 2020, at which time he pled guilty to the charge. However, when Judge Dyer sentenced Blake, she failed to credit him with any of the time he had already spent incarcerated on the charge. Blake seeks an order compelling Judge Dyer to enter an amended sentencing order that would include credit for his jail time. He also requests that he be awarded money damages of $75 per day for each day that he spent incarcerated before his revocation hearing.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citing *Muhammad v. Close,* 540 U.S. 749, 750 (2004)). Simply stated, a civil rights complaint is not a substitute for direct appeal or habeas review. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.").

The law is clear that a petition for a writ of habeas corpus—not a complaint under § 1983—is the exclusive remedy for a state prisoner who seeks immediate or speedier release from detention. *Heck*, 512 U.S. at 481; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred ... no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Johnson v. Ozmint*, 567 F. Supp.2d 806, 823 (D.S.C. 2008) (holding that release from prison is not

a result obtainable in a § 1983 action). Accordingly, Blake's challenge to Judge Dyer's sentencing order, and his request for jail credit, must be brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence."). As this action is not a habeas proceeding, the undersigned **FINDS** that Blake's claims regarding jail credit are not cognizable and **RECOMMENDS** that this claim be dismissed, without prejudice.

It merits noting that before a petitioner can file a petition for a writ of habeas corpus in federal court, he must have exhausted his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."). In his complaint, Blake states that he lodged an unspecified grievance with the WRJ and was told that he needed to file a habeas petition. He then attempted to submit the petition, but Mr. Hood would not accept it. However, Blake does not indicate that he took any other steps to obtain habeas relief; such as, making necessary corrections to the petition to comply with the habeas rules, filing the petition in another circuit court, or proceeding with it in the Supreme Court of Appeals of West Virginia. Until Blake exhausts the available state court remedies, he is precluded from seeking habeas relief in this Court.

With regard to Blake's request for money damages—presumably from Judge Dyer since she entered the sentencing order—his claims are barred by judicial immunity. It is

well established that "[j]udges enjoy absolute judicial immunity from damages liability for judicial acts unless done 'in clear absence of all jurisdiction.'" *Everson v. Doughton*, 267 Fed. Appx. 229, 229 (4th Cir. 2008) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (198)). Such absolute immunity precludes damages for actions taken in error, done maliciously, or in excess of the judge's authority. *Id.*; *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Blake's request for monetary relief is based entirely upon Judge Dyer's decision not to credit him for pre-conviction jail time. Such a decision was reached by Judge Dyer in her role as the sentencing judge and was plainly within the scope of her jurisdiction as a West Virginia circuit judge. *See* W. Va. Code § 61-11-24. Therefore, the undersigned **FINDS** that Blake's claim for money damages is barred by the doctrine of judicial immunity and **RECOMMENDS** that this claim and the complaint against Judge Dyer be dismissed.

### D.  *Blake Fails to State a Claim Against Commissioner Jividen*

Blake claims that Commissioner Jividen discriminated against him and inflicted cruel and unusual punishment on him by refusing to allow him good time credit and by withholding opportunities from him to reduce his classification, to participate in work release or work camp, and to obtain parole. Blake's conclusory allegations are not supported by any facts, nor does he indicate what role, if any, Commissioner Jividen personally played in his incarceration.

As a preliminary issue, the Court must consider whether a civil rights complaint is the proper avenue for Blake to seek good conduct credit. In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court of the United States ("Supreme Court") examined this very issue and determined that section 1983 cannot be used to compel restoration of good time credits when the intent of the complaint is to challenge the fact or duration of confinement

and the goal is to obtain a speedier release from prison. *Id.* at 500. Instead, the sole federal remedy is by a writ of habeas corpus. *Id.* In this case, Blake asks for an order compelling the Commissioner to provide him with good time credit. He does not request money damages, but rather seeks a way to obtain a speedier release from custody. Accordingly, his claim should be raised in a petition for a writ of habeas corpus and should be directed to the Warden. For this reason alone, the undersigned **FINDS** that Blake's good time credit claim should be dismissed against Commissioner Jividen.

With respect to his additional claims related to good time credit, work camp, work release, and parole, and his assertion that he is being discriminated against by Commissioner Jividen, Blake's assertions do not rise to the level of a plausible claim. Federal Rule of Civil Procedure 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This mandate "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under the provisions of 28 U.S.C. § 1915A, when a prisoner seeks to prosecute a complaint against a government entity or its officers or employees, the court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915A. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be

dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court further clarified the "plausibility" standard in *Iqbal,* stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as ... factual allegation[s]." *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). As previously stated, Blake offers no "well-pleaded facts" in his complaint; consequently, the Court is unable to infer any possibility of wrongdoing.

Even when overlooking the paucity of factual allegations in the complaint, the undersigned **FINDS** that Blake cannot construct a bare bones cause of action based on good time credit, work release, work camp, or parole, because his claim has no merit. As to good time credit, in West Virginia, a sentence of imprisonment may be commuted with "good time," as set forth in W. Va. Code § 15A-4-17. Under that statute, "all adult inmates placed in the custody of the Commissioner of the Division of Corrections and Rehabilitation pursuant to a term of court-ordered incarceration for a misdemeanor or felony, ***except those committed pursuant to*** § 25-4-1 et seq. and ***§ 62-12-26*** of this code, shall be granted commutation from their sentences for good conduct in accordance with this section." (emphasis added). In 2016, Blake was convicted of Sexual Abuse in the First Degree. *State v. Blake,* Case No.: 160 F&M-32 (C.C. Mason June 27, 2016). As part

of his sentence and pursuant to W. Va. Code § 62-12-26, Blake was ordered to serve a period of twenty years supervised release. It was this term of supervised release that was revoked by Judge Dyer.  Consequently, Blake is not eligible under the statute to receive good time credit, and the Commissioner is not authorized to award him such credit.

Moreover, the Supreme Court of Appeals of West Virginia recently confirmed in *Williams v. Pszczolkowski,* No. 19-1010, 2021 WL 1550480, at *2 (W. Va. Apr. 20, 2021), that "[c]ommutation of time for good conduct is a right created by the Legislature" and is "not recognized as a fundamental right or a part of a constitutional freedom." *Id.* The legislative right to good time credit was explicitly prohibited for inmates in Blake's situation; therefore, Blake is not entitled to the same constitutional protections that would attach to a state-created liberty interest in good time credit. Blake claims that he is being discriminated against by being denied good time credit, but the denial was based on his violation of supervised release conditions statutorily imposed on sex offenders. As sex offenders are not recognized as a protected class, Blake has no legal foundation upon which to build a discrimination claim. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

Similarly, Blake has no constitutional right to participate in a work release program, *see Killian v. Hall*, 940 F.2d 652 (4th Cir. 1991), to be assigned to a work camp, *see Joihner v. McEvers,* 898 F.2d 569, 573 (7th Cir. 1990), or to be eligible for parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Given that he has no constitutional right to access any of these penological tools, the undersigned **FINDS** that Blake fails to state a claim under § 1983 against Commissioner

Jividen and **RECOMMENDS** that the complaint be dismissed against her, with prejudice.[2]

IV.    **Proposal and Recommendation**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Presiding District Judge **DISMISS** the complaint and **REMOVE** this case from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v.*

---

[2] The undersigned also notes that Commissioner Jividen is absolutely immune from liability for "any claims or actions of any person serving, or who has served, a term of incarceration pursuant to § 62-12-26 of this code, for any matter or claim arising out of good time calculations or awards which may or may not have been awarded, given, removed, or taken which caused a person to be reincarcerated or to increase the expected term of his or her incarceration, which calculation, award, removal, taking, or reincarceration occurred prior to the effective date of the amendments to this section enacted during the regular session of the Legislature, 2021." W. Va. Code Ann. § 15A-4-17 (eff. Apr. 30, 2021), Based on the statements in the complaint, the decision not to allow Blake good time credit was made at the time of his incarceration, which occurred prior to the filing of his complaint on March 11, 2021. In addition, Blake was convicted for violating supervised release imposed under W. Va. Code § 62-12-26. Therefore, he cannot sue Commissioner Jividen for good time credit.

*Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers. and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff at the Martinsburg Correctional Center.

**FILED:** June 1, 2021

Cheryl A. Eifert
United States Magistrate Judge

17